**Joel ROBINSON d/b/a National Fuel-saver Corporation, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 83–2306–S.**

United States District Court, D. Massachusetts.

Sept. 23, 1983.

William I. Cowin, Friedman & Atherton, Boston, Mass., for plaintiff.

Richard E. Welch, III, Asst. U.S. Atty., Boston, Mass., for defendant.

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

SKINNER, District Judge.

This complaint for declaratory judgment and injunctive relief is in substance an application for judicial review of a decision of the Postal Service that plaintiff has been engaged in a scheme to obtain money through the mail by means of materially false statements and of an order preventing delivery of related mail to the plaintiff. Plaintiff seeks a preliminary injunction against the enforcement of the order pending consideration of the merits.

Plaintiff has two difficult burdens to surmount. The first is the requirement in this Circuit that a preliminary injunction will be issued only if the plaintiff establishes a likelihood of success on the merits, a likelihood of irreparable harm if the injunction is not issued and a likelihood that public policy will not be subverted by the issuance of the injunction. *Planned Parenthood League v. Bellotti*, 641 F.2d 1006 (1st Cir. 1981). The second is that the applicable standard of review requires affirmance of the Postal Service ruling if it is supported by substantial evidence. *Unique Ideas, Inc. v. United Postal Service*, 416 F.Supp. 1142.

The Associate Judicial Officer found that the Postal Service as complainant had established three of its four complaints against Robinson, the plaintiff in this action. Those three allegations were that in the offering through the mails of a device for saving fuel in automobiles Robinson had falsely represented that

(a) The device *will* produce fuel savings of over 48%;

(b) The device had been approved for marketing by the EPA;

(c) The fuel economy claims for the device were supported by scientific tests.

■ In my opinion, Robinson is likely to succeed on the merits for the following reasons:

Robinson's representation was that one vehicle tested by an independent transportation company had in fact registered such a savings. This is not shown to be false. Its use was always in connection with an explication of the entire test in which other vehicles had different rates of savings and one vehicle had worse fuel consumption with the device than without. Moreover, Robinson made it clear in his promotional materials that some of his customers had realized no fuel savings with the device and that he had refunded the purchase price.

While I agree with the Associate Judicial Officer that the General Motors and Brookhaven tests were clearly depicted as scientific tests although not explicitly so labelled, there is not substantial evidence showing that a person of ordinary intelligence and sensibility would have concluded that these tests established the efficacy of Robinson's device. All Robinson claims they establish is that platinum is an effective catalyst in the combustion of gasoline or diesel fuel vapor. This general proposition is conceded to be true.

It is conceded that Robinson included a statement of EPA approval in his promotional material until August 1980. He then voluntarily discontinued it prior to any proceeding against him. (There was some factual justification for the use of this statement but it was not accurate.) The Postal Service admits that the use of this statement in the past, standing alone, would not justify the issuance of the False Representation Order barring delivery of mail to Robinson.

■ I am further of the opinion that the order preventing delivery of certain mail to Robinson is likely to cause him irreparable harm. The order prevents the delivery of responses to Robinson's advertising, including letters, postal money orders and other forms of payment for the fuel saving device. The Postal Service argues that mere delay in receiving money does not constitute irreparable damage. In this case, in my opinion, there is likely to be irreparable harm to Robinson's credibility and reputation for reliable delivery if the orders are not allowed to go through.

 I further find that the issuance of a preliminary injunction will not subvert the public interest because, as the Associate Judicial Officer found, it is likely that Robinson's device is an effective fuel saving device and purchasers will in fact be receiving what they bargained for.

Accordingly, a preliminary injunction shall issue as prayed for.